OPINION OF THE COURT
Robert P. Kennedy, J.
On or about March 20, 1978 the papers and records of a criminal proceeding under the name “People v. Albert Tantalo” in the Rochester City Court, File No. 1880, were ordered sealed by a Judge of that court pursuant to CPL 160.50. The commission here seeks an order authorizing the clerk of that court to furnish it with a copy of the papers and records comprising such file.
The commission is charged, under section 22 of article VI of the New York State Constitution and article 2-A of the Judiciary Law with the duty to receive, initiate, investigate and hear complaints with respect to the conduct, qualifications, fitness to perform or performance of official duties of any Judge or Justice of the unified court system. Subdivision 3 of section 42 of the Judiciary Law authorizes the commission “[t]o request and receive from any court, department, division, board, bureau, commission, or other public agency of the state or political subdivision thereof or any public authority such assistance, information and data as will enable it properly to carry out its functions, powers and duties”.
Pursuant to such constitutional and statutory provisions the commission seeks the order requested.
*801 The language of CPL 160.50 would seem to prohibit granting the relief requested. For one thing, petitioner does not come within the provisions of CPL 160.50 (subd 1, par [d]) which sets forth those to whom such records may be made available on court order. This fact, notwithstanding, does not require a denial of the application. The reason for the enactment of CPL 160.50 was stated in the Governor’s Memoranda on bills approved (NY Legis Ann, 1976, p 409) as follows: “This legislation is consistent with the presumption of innocence, which simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law.”
The case law to date has dealt only with situations where the unsealing order has been sought in the investigation of persons for whose benefit the records were sealed. Even in such cases, however, the courts have not come down with a blanket ban on the granting of an order to unseal.
Matter of Hynes v Karassik (47 NY2d 659) involved an application by a Bar Association’s Grievance Committee to unseal records sealed on the subject attorney’s acquittal of criminal charges. Although the request there was denied, the court said (pp 664-665), “But, indeed, while cases might arise in which the exercise of a power to unseal would be appropriate (cf. Johnson v State, 336 So 2d 93, 95 [Fla]) the proceeding before us does not present such a situation.”
In like vein is Matter of Keeffe (76 AD2d 416, 418) where the court said, “We find it unnecessary in the instant case to reach the issue of whether this court may, in the discharge of its disciplinary responsibility, order the unsealing of records sealed pursuant to CPL 160.50 [citation omitted].”
I find that this is a case where such an order is appropriate. This court takes judicial notice of the fact that Albert Tantalo is not a Judge or Justice of the unified court system and it is, therefore, obvious that the commission does not seek this order in connection with any investigation or inquiry directed against him. This being the case, the granting of the order would not contravene the statutory purpose. Additionally, the statutory purpose of *802 shielding him from any adverse effect of unsealing these records will be maintained. Pursuant to section 45 of the Judiciary Law, all proceedings before the commission are confidential except as otherwise provided by section 44. Finally, if a Judge has been guilty of wrongdoing and there is evidence of such in court records, to allow him to shield himself from the discovery of this evidence by his sealing the records would pervert the purpose for which the statute was enacted.
Notice to Tantalo is waived due to the inability to locate him.
Pursuant to the inherent power of the court, the application is granted.