■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR BROWN, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Owens, J.), entered December 2, 1987, which, following a jury verdict convicting the defendant of grand larceny in the second degree (two counts) and offering a false instrument for filing in the first degree (19 counts), granted the defendant's motion to set aside the verdict and dismissed the indictment.

Ordered that the order is reversed, on the law, the motion is denied, the indictment and jury verdict are reinstated, and the matter is remitted to the Supreme Court, Kings County, for the imposition of sentence.

The defendant, a physician, was charged with billing Medicaid for services to patients which had not been performed. Following the return of a jury verdict finding the defendant guilty of two counts of grand larceny in the second degree and 19 counts of offering a false instrument for filing in the first degree, the trial court stated that it was setting aside the verdict on the ground that it was contrary to the weight of the evidence. In rendering its decision, the trial court noted that the actual billing had been carried out by employees of the defendant rather than defendant himself, that in certain areas the memories of the prosecution witnesses were unclear and that the auditor, called as a witness by the prosecution, had testified on cross-examination that he had found the discrepancies in the defendant's billing because he was instructed to do so by the prosecutor's office.

Unlike this court which, on appeal from a judgment of conviction, is empowered to reverse on the ground that the verdict is against the weight of the evidence (CPL 470.15 [5]; *People v Bleakley,* 69 NY2d 490), a trial court may set aside a verdict pursuant to CPL 330.30 only in instances where the evidence is legally insufficient to support the verdict *(see, People v Carter,* 63 NY2d 530, 536). Although the order which was ultimately signed by the trial court gave as its basis the legal insufficiency of the evidence, the factors noted by the court at the time of its oral decision addressed the credibility to be given various prosecution witnesses and it is clear from

the record that the basis for the court's decision was that the verdict was against the weight of the evidence. Clearly, the trial court did not have the authority to set aside the verdict on that ground and the order must be reversed.

Moreover, even assuming that the trial court had set aside the verdict on the ground that the evidence was legally insufficient, reversal would still be required. Viewing the evidence in the light most favorable to the prosecution (CPL 330.30; *People v Carter, supra; People v Contes*, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Among other things, a number of the defendant's patients who were called as witnesses testified that they did not recall receiving such memorable procedures as suture repairs of the face or hand, which the defendant claimed to have performed. From this, the jury could have concluded that these services, for which the defendant had billed Medicaid, were never performed. In addition, the jury could properly have found, from the patients' testimony and other evidence, that the defendant treated scores of patients each day and that the defendant's frequent claims of office visits lasting longer than 20 minutes were thus false.

On this appeal, the prosecution also contends that because the Trial Judge's actions created the appearance of partiality and prejudice, this court should order that subsequent proceedings take place before another Judge. The Court of Appeals has recently noted, however, that absent a violation of statutory provisions, a Trial Judge's alleged bias, prejudice or unworthy motive will not be a ground for disqualification unless it is shown to affect the result *(People v Moreno*, 70 NY2d 403, 405; *see also*, Judiciary Law § 14). The prosecution has made no such showing here and the case should therefore be remanded to the Trial Judge for sentencing.

We do not pass in any respect upon the weight of the evidence nor upon any other aspect of this case which may be the subject of a future appeal by the defendant from the judgment of conviction *(see, People v Goodfriend*, 64 NY2d 695). Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.