■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHI LAU, Also Known as MICHAEL LAU, Appellant.—Judgment, Supreme Court, New York County (Eve Preminger, J.), rendered July 10, 1984, convicting defendant after a jury trial of robbery in the first degree, and sentencing him to an indeterminate term of imprisonment of two to six years, unanimously affirmed.

Five days after Chi Wong had been robbed, he identified a picture of defendant from among forty photographs of Asian gang members. At a lineup conducted two days later, and subsequently at trial, Wong identified defendant. At the hearing conducted on his motion to suppress, defendant established that the photograph used by the police had been taken in connection with an earlier arrest and should have been returned to him pursuant to CPL 160.50 (1) (a).

The use of defendant's photograph, in violation of CPL 160.50 (1) (a), did not require suppression of the victim's identification testimony. *(People v Gilbert,* 136 AD2d 562, 563; *People v London,* 124 AD2d 254.) CPL 160.50 (1) (a) was not intended to "immunize" a defendant from investigative use of his photograph. *(See, People v Anderson,* 97 Misc 2d 408.) Moreover, the exclusion of the identification evidence in this case would not vindicate a constitutional protection afforded defendant, as the obligation of the police to return photographs is a matter of legislative grace *(People v Anderson, supra,* at 411).

Defendant also fails to show, as was his burden *(People v DiStefano,* 38 NY2d 640, 652), that the photographic array was suggestive. The record does not show that the victim saw the back of defendant's picture, which was labeled with a

gang name, or that the victim connected the crime or defendant to any gang. Accordingly, the manner in which defendant's photograph was presented to the victim did not give rise to a likelihood of irreparable misidentification *(People v Brown,* 20 NY2d 238, 244 [Fuld, Ch. J., concurring]).

Defendant's guilt was established beyond a reasonable doubt. A rational trier of fact could have credited the victim's identification testimony *(People v Contes,* 60 NY2d 620, 621), as he had ample opportunity to observe the defendant during the robbery. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Kupferman, JJ.