*633 OPINION OF THE COURT
M. Arthur Eiberson, J.
The defendant moves for an order pursuant to CPL 330.30 (1) setting aside the verdict returned against him by the jury, which acquitted him of two counts of aggravated harassment in violation of Penal Law § 240.30, but found him guilty of the violation of section 40-c (2) of the Civil Rights Law as charged in the third count of the information. The defendant argues, first, that the jury’s verdict of guilty was against the weight of the evidence, second, that the conviction under Civil Rights Law § 40-c (2) was in violation of defendant’s First Amendment rights under the United States Constitution, and third, that the People failed to comply with the notification requirements of Civil Rights Law § 40-d, requiring dismissal of count 3 of the information.
CPL 330.30 sets forth the specific grounds upon which a Trial Judge may set aside or modify a guilty verdict before sentence. Subdivision (1), the only subdivision which may be considered applicable here, provides that the verdict may be set aside on "[a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court.” (CPL 330.30 [1].)
The first ground advanced by the defendant in support of the instant motion is that the guilty verdict is contrary to the weight of the credible evidence adduced at trial. However, a trial court is not authorized to set aside a verdict as against the weight of the evidence. (People v Carter, 63 NY2d 530, 536 [1984].)
The power granted a Trial Judge is far more limited than that of an appellate court, which may reverse or modify a judgment not only on matters of law, but on issues of fact, when the verdict is against the weight of the evidence, and as a matter of discretion in the interest of justice. (CPL 470.15 [1], [3], [5], [6]; People v Carter, supra, 63 NY2d, at 536.) Unlike an appellate court "which, on appeal from a judgment of conviction, is empowered to reverse on the ground that the verdict is against the weight of the evidence (CPL 470.15 [5]; People v Bleakley, 69 NY2d 490), a trial court may set aside a verdict pursuant to CPL 330.30 only in instances where the evidence is legally insufficient to support the verdict (see, People v Carter, 63 NY2d 530, 536).” (People v Brown, 141 AD2d 657 [2d Dept 1988].)
When determining whether the evidence at trial was insuffi *634 cient as a matter of law to support a verdict, the reviewing court must view the evidence in the light most favorable to the prosecution. (People v Brown, supra, 141 AD2d, at 658; People v Carter, supra; see, CPL 70.10 [1]; 70.20.) The trial court is powerless to vacate a verdict based upon its own independent weighing of the evidence, which is the province of the jury. (People v Goodfriend, 64 NY2d 695, 697 [1984]; People v Colon, 65 NY2d 888, 890 [1985].) Even where the trial court was the trier of fact, it may not alter a guilty verdict to one of not guilty based upon a reassessment of the facts. (People v Carter, supra, 63 NY2d, at 538.)
When viewed in the light required by statutory and decisional authority, the evidence adduced at the trial of this criminal proceeding, if accepted as true, was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. (See, People v Carter, supra, 63 NY2d, at 537; People v Brown, supra.) There was nothing so inherently contradictory or unbelievable in the People’s proof as to require a finding of insufficiency as a matter of law. (See, People v Carter, supra, 63 NY2d, at 537.) That portion of the motion seeking to set aside the verdict based upon the credibility of the evidence introduced at trial is accordingly denied.
The defendant next contends that his conviction under Civil Rights Law § 40-c (2) was in violation of his rights under the United States Constitution, arguing that the conduct as alleged was constitutionally protected under the First Amendment. The defendant further contends that section 40-c of the Civil Rights Law is both overbroad and impermissibly content-based in light of the recent United States Supreme Court decision entitled R.A.V. v City of St. Paul (505 US —, 112 S Ct 2538 [1992]) and therefore is facially invalid.
The People, in opposition, maintain that the defendant failed to preserve his constitutional challenge for appellate review and that the challenge, even if preserved, is not meritorious.
A condition precedent to the granting of a motion to set aside the verdict pursuant to CPL 330.30 (1) is that the issue be preserved for appellate review as a question of law. (People v Carter, supra; People v Stahl, 53 NY2d 1048 [1981]; People v Guerrero, 111 AD2d 350, 355 [2d Dept 1985] [dissenting opn], revd for reasons stated in dissenting opn 69 NY2d 628 [1986]). However, a narrow exception to this rule permits an appellate court to consider an objection first raised on appeal where the *635 right involved is of a fundamental constitutional nature. (People v Patterson, 39 NY2d 288, 295-296 [1976], affd 432 US 197 [1977]; People v Thompson, 94 AD2d 898 [3d Dept 1983]; Champelle v Coombe, 567 F Supp 345 [SD NY 1983].)
Even if a trial court is thus authorized to set aside a verdict where the alleged error, although not preserved for appeal, was of a constitutional magnitude which would require reversal by the appellate court, such a reversal on constitutional grounds is not required in this case.
A court of original jurisdiction should not set aside a statute as unconstitutional unless that conclusion is inescapable. (McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [a]; Comiskey v Arlen, 55 AD2d 304, 307 [2d Dept 1976], affd 43 NY2d 696 [1977]; People v Babylon Tr., 93 Misc 2d 67 [App Term, 2d Dept 1977].) A statute should be construed in such a manner as will uphold its constitutionality (McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [c]).
Section 40-c (2) of the Civil Rights Law provides in pertinent part, "No person shall, because of race, creed, color, national origin, sex, marital status or disability * * * be subjected to any discrimination in his civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision of the state.”
Section 40-c (2) is readily distinguishable from the statute at issue in the United States Supreme Court upon which defendant places his reliance, which was held to target conduct impermissibly on the basis of its expressive content, in violation of the First Amendment of the United States Constitution. The Minnesota statute expressly prohibited speech or symbolic speech based solely upon the content of that speech, specifically proscribing the placement on public or private property of any symbol, such as a burning cross or Nazi swastika, which is known to arouse anger, alarm or resentment in others on the basis of race, color, creed, religion or gender. (R.A.V. v City of St. Paul, supra, 505 US, at —, 112 S Ct, at 2541.) The statute was found to be "facially unconstitutional in that it prohibits otherwise permitted speech solely on the basis of the subjects the speech addresses.” (Supra, 505 US, at —, 112 S Ct, at 2542.)
Unlike the Minnesota statute, however, section 40-c (2) of the Civil Rights Law does not on its face prohibit speech or *636 conduct based upon its expressive content. Violation of the statute is determined not by the content of a person’s speech, but by his or her conduct towards another (in this particular case, in making harassing telephone calls to a specific individual, rather than an open display of cross-burning). Thus, the statute withstands the constitutional scrutiny applied by the United States Supreme Court in R.A. V. v City of St. Paul (supra).
The defendant has failed to support his contention that the statute at issue is unconstitutionally overbroad (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [b]). That portion of the motion seeking to set aside the defendant’s conviction on constitutional grounds therefore is denied.
Finally, defendant argues that the People’s failure to notify the New York State Attorney-General of the commencement of the instant criminal proceeding requires its dismissal under Civil Rights Law § 40-d. That portion of section 40-d which requires such notification upon the commencement, by the person aggrieved, of a civil action to recover a penalty from the defendant, is inapposite to the instant criminal prosecution under section 40-c (2). The motion to dismiss the third count of the information on such ground is denied as without merit.