[716 NYS2d 678]

In the Matter of ROBERT E. LIEDY (Admitted as ROBERT EDWARD LIEDY), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 6, 2000

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Diana Maxfield Kearse* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a peti-

tion, dated November 19, 1999, containing two charges of professional misconduct against him. After a hearing at which the respondent appeared *pro se,* the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. The respondent has neither cross-moved nor submitted any papers in response to the Grievance Committee's motion.

Charge One alleged that the respondent engaged in improper conduct involving fraud, deceit, or misrepresentation which was prejudicial to the administration of justice and which adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1]) and DR 1-102 (a) (4), (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [4], [5], [8] [now (7)]).

The respondent maintained an attorney escrow account entitled "Robert Edward Liedy, IOLA Account," at the St. George branch of Citibank. Between approximately May 1998 and July 1998, the respondent deposited personal funds into his escrow account. At the time, the account contained no client funds or other funds entrusted to the respondent as fiduciary.

Before the respondent deposited personal funds into his attorney escrow account, his creditors had obtained judgment against him in civil proceedings which resulted in the attachment of his personal accounts. The respondent made the deposits into his escrow account in an effort to prevent his creditors from locating his assets and executing judgments obtained against him.

Charge Two alleged that the respondent improperly drew checks upon his IOLA account payable to cash, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]).

Between approximately May 22 and July 10, 1998, the respondent drew eight checks upon his attorney escrow account, payable to "cash," for a total value of $940.

Based on the evidence adduced, the Special Referee properly sustained both charges.

In determining an appropriate measure of discipline to impose, the respondent testified at the hearing that no clients' funds were misappropriated. Moreover, the Special Referee found no proof that the respondent defrauded any creditor

even though from approximately May through July 1998 the respondent was using the attorney escrow account solely for the deposit of personal funds and the drawing of checks payable to cash.

Under the circumstances of this case, the respondent is suspended from the practice of law for two years.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and SCHMIDT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Robert E. Liedy, is suspended from the practice of law for a period of two years, commencing December 11, 2000, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the two-year period, upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Robert E. Liedy, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.