[730 NYS2d 161]

In the Matter of ALTON ROSE (Admitted as ALTON N. G. ROSE), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 17, 2001

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn (*Susan Korenberg* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The petitioner served the respondent with a petition dated June 26, 2000, containing one charge of professional misconduct. After a hearing on February 15, 2001, at which the respondent failed to appear, the Special Referee sustained the charge. The petitioner now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court deems appropriate. The respondent has neither cross-moved nor submitted any papers in reply to the petitioner's motion.

The charge alleges that the respondent engaged in improper conduct involving fraud, deceit, or misrepresentation which was prejudicial to the administration of justice and which adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1]), as well as DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]).

The respondent maintained an IOLA account at Chase Bank, captioned "Alton N. G. Rose As Attorney." In or about September 1997, the Gleaner Company, Ltd., obtained a judgment against the respondent in the sum of $3,177.14, resulting in the attachment of his personal account at Chase.

Between September 1997 and December 1999, the respondent deposited personal funds, including earned legal fees, into his attorney escrow account, and withdrew money from that

account for personal and/or business purposes. By depositing his personal funds into his attorney trust account, the respondent improperly prevented the judgment creditor from executing on the judgment obtained against him. As a result of the respondent's actions, the judgment remains unsatisfied.

Based upon the evidence adduced, the Special Referee concluded that the respondent improperly used his attorney escrow account in an attempt to defraud a creditor.

By depositing his personal funds into his escrow account, the respondent improperly prevented the judgment creditor from executing the judgment. The respondent's intent to defraud is evident from the circumstances. Such misuse of an attorney escrow account reflects adversely upon one's fitness to practice law and involves conduct which is prejudicial to the administration of justice. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the petitioner notes that the respondent's disciplinary history includes an Admonition, dated November 20, 1997, for submitting a false affirmation of engagement; an Admonition, dated April 25, 2000, for failing to satisfy an outstanding judgment and to adequately communicate with a client; and a Letter of Caution, also dated April 25, 2000, for neglecting a legal matter.

Notwithstanding the respondent's alleged lack of venal intent, he is guilty of serious professional misconduct in the misuse of his attorney escrow account which warrants his disbarment.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and LUCIANO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Alton Rose, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Alton Rose is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or

counselor-at-law before any court, Judge, Justice, Board, Commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.