[780 NYS2d 348]

In the Matter of ARTHUR L. GOLDSTEIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 5, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*La Trisha A. Wilson* of counsel), for petitioner.

*Arthur L. Goldstein*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Arthur L. Goldstein was admitted to the practice of law in the State of New York by the First Judicial Department on December 12, 1958. At all times pertinent to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

On December 23, 2002, respondent was served with a notice and statement of charges in which it was alleged that he misused two escrow accounts by maintaining the accounts solely for his business and personal affairs while his personal bank accounts were levied by tax authorities, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (7) and DR 9-102 (b) and (e) (22 NYCRR 1200.3, 1200.46). Respondent allegedly owed the New York City Department of Finance $170,648 in outstanding incorporated business taxes from 1980 through 2000, approximately $100,000 to New York State tax authorities, and approximately $794,000 to the IRS. Charge One alleged that respondent intentionally deposited personal and business funds into an attorney escrow account to avoid the attachment of tax liens and therefore engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (a) (4). Charge Two alleged that respondent violated DR 9-102 (b) (1) by improperly using an escrow account for his own funds. Charge Three alleged that respondent violated DR 9-102 (e), since he admittedly wrote checks payable to cash from the subject accounts. Charge Four alleged that, in light of the foregoing conduct, respondent engaged in conduct that adversely reflected on his fitness as a lawyer in violation of DR 1-102 (a) (7).

Respondent filed an answer denying that the accounts were actually escrow accounts as defined under DR 9-102, despite their designation as such. On March 14, 2003, the charges were amended on consent in a prehearing stipulation to add Charge Five that alleged that respondent violated DR 9-102 (b) (2) by not obtaining checks and deposit slips identifying the accounts as escrow accounts.

A hearing on liability was conducted by a Referee on March 14, 2003. At the hearing, the Committee relied on the stipulation and exhibits to establish its case. The exhibits included notices of tax liens filed against respondent dated between Janu-

ary 1990 and March 2001, and bank records from the Chase attorney trust account and the Fleet IOLA account including the opening signature cards for these accounts which were opened and designated as escrow accounts within the meaning of DR 9-102 (b) (1) and (2). In addition, records of the checks and statements regarding these accounts showed that respondent used them for ordinary expenses, both business and personal, and drew checks to "cash." The Referee found: "respondent's testimony that he opened the subject bank accounts as escrow accounts to save the small monthly fees associated with maintaining a business account, and only at the suggestion of bank officers, not to be worthy of belief . . . Moreover, I find it difficult to credit that the opening of these conceded personal accounts as escrow or attorney trust accounts was solely at the suggestion of unnamed bank officers. In any event, respondent must take responsibility for having done so inasmuch as they were his accounts."

The Referee noted further that he was "unpersuaded" that because some tax payments were made with checks from these accounts or because the checks were not titled escrow accounts, that respondent did not have the intent to avoid his substantial tax liability. In addition, the Referee found it beside the point that a taxpayer's money held by a third party in an escrow account could be subject to a levy by taxing authorities (*United States v Cuti*, 395 F Supp 1064 [1975]). The Referee also rejected respondent's contention that since the accounts never contained client funds, which are defined as "funds belonging to another," they cannot be deemed escrow accounts under this rule and there can be no violation.

The Referee sustained all five charges then conducted a separate hearing on sanctions, which resulted in his recommendation that respondent be suspended for one year. Oral argument was held before a Hearing Panel on September 24, 2003, and by a report dated December 19, 2003, the Panel recommended that the Referee's report and recommendation be confirmed in its entirety.

The Committee now seeks an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2), confirming the findings of fact and conclusions of law set forth by the Referee and Hearing Panel, and their recommendation that respondent be suspended from the practice of law for one year.

We agree with the Committee that the Referee and Hearing Panel's findings of fact and conclusions of law should be confirmed, since the record evidence clearly sustains Charges One through Five. However, we are of the view that respondent's conduct merits a more substantial sanction. Respondent intentionally and deliberately opened the two attorney escrow accounts, after his personal bank accounts had been levied upon by various taxing authorities, in order to shield his personal funds and exclusively utilized these accounts for his business and personal funds for approximately two years. Such conduct manifests a lengthy, serious scheme of deception and evasion, and an abuse of the accounts. The Committee argued before the Referee that the range of sanctions for similar misconduct ran the gamut from a two-year suspension to disbarment (*see Matter of Betancourt*, 232 AD2d 9 [1997] [3-year suspension for, inter alia, neglect and fraudulently using escrow account to shield personal funds from creditor]; *Matter of Rose*, 286 AD2d 1 [2001] [disbarment for using escrow account for personal funds in order to prevent judgment creditor from executing judgment where attorney had been sanctioned in several prior disciplinary matters]; *Matter of Liedy*, 276 AD2d 100 [2000] [2-year suspension for use of escrow account for personal funds while personal account was subject to attachment and for drawing checks from escrow account payable to cash]), and requested a four-year suspension. In mitigation, respondent asserts that he is 70 years old, that he has an unblemished disciplinary history, that he has cooperated with the Committee, and that he and his wife had and continue to have serious health issues. He has failed to demonstrate, however, a nexus between his medical condition and his misconduct. Nor does such condition excuse his misconduct. Weighing these circumstances, we find that a two-year suspension from practice is an appropriate sanction in this case.

Accordingly, the Committee's petition should be granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law in sustaining the charges, but denied to the extent that it seeks to confirm the Panel's sanction recommendation, and respondent suspended from the practice of law for two years.

Tom, J.P., Andrias, Sullivan, Ellerin and Williams, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of two years, effective September 3, 2004 and until further order of this Court.