[784 NYS2d 496]

In the Matter of SARA GOLDMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 26, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Sara Goldman*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Sara Goldman was admitted to the practice of law in the State of New York by the First Judicial Department on August 22, 1988. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

In August 2003, the Departmental Disciplinary Committee (DDC) served respondent with a notice and statement of charges alleging that she committed professional misconduct by submitting fraudulent and inflated compensation vouchers seeking legal fees for work she did not actually perform during the course of her employment as an 18-B attorney under this Department's assigned counsel plan (ACP).

Respondent failed to answer the charges, but subsequently entered into a prehearing stipulation in which she admitted each of the charges relating to the submission of the vouchers (Charges One through Five). In the stipulation, respondent admitted that beginning in 1994, over a period of seven years, she repeatedly submitted fraudulent vouchers for services allegedly rendered as an 18-B lawyer representing criminal defendants at Riker's Island parole hearings. She also admitted falsely certifying on those vouchers that the information contained therein was accurate.

For example, respondent acknowledged that for the calendar year 1999, she billed the ACP for 361 days of work, often for 11 or 12 hour shifts, for a total of 3704.75 billable hours and $118,000 in compensation. For the year 2000, respondent billed for 362 days of work, for a total of 3,953.35 billable hours and $112,115 in fees. In fact, however, respondent acknowledged that her actual work hours were 9 A.M. to 5 P.M. and that she never worked on Saturdays or Sundays.

Respondent further admitted that the above misconduct violated Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.03) (by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), DR 2-106 (a) (22 NYCRR 1200.11) (by collecting fees to which she was not entitled), DR 1-102 (a) (5) (by engaging in conduct adversely affecting that portion of the judicial process guaranteeing access to courts for indigents), and (a) (7) (by engaging in conduct that adversely reflects on her fitness as a lawyer).

After a hearing, a Referee sustained Charges One through Five, but rejected the sixth charge, which alleged that respondent had fabricated client files in the course of an investigation into her work by the ACP's Central Screening Committee. The Referee accepted respondent's explanation that she had not attempted to deceive the Screening Committee by placing computerized status sheets for 10 random clients into files, since she did not keep ordinary client files.

On the issue of sanction, respondent cited the low billing rates for 18-B lawyers and the widespread practice of overbilling, as well as certain personal problems she had endured such as depression and alcohol abuse. Noting the respondent's full cooperation with the Committee, her personal problems and two letters of reference, the Referee recommended that respondent be suspended for a period of six months.

A Hearing Panel heard oral argument on the Referee's recommendations, and confirmed the findings and sanction, with the caveat that respondent's reinstatement be conditioned on her sobriety and participation in a monitoring program.

The Committee now moves for an order confirming the Hearing Panel's determination as to the Referee's report and sanctioning respondent as this Court deems appropriate. Based on the respondent's admissions and the record before this Court, the Hearing Panel's determination sustaining Charges One to Five should be confirmed. Respondent's flagrant abuse of the assigned counsel plan voucher system for personal gain is not disputed and constitutes serious professional misconduct that cannot go unpunished.

We depart, however, from the determinations of the Referee and Hearing Panel with respect to their recommended sanction of a six-month suspension. In our view, such sanction is far too lenient given the duration and scope of respondent's misconduct (see Matter of Goldstein, 10 AD3d 174 [2004]). Significantly, during an audit conducted by the City in 1994, respondent was found to have overbilled the ACP $16,535, which she subsequently repaid. Despite this clear warning sign, respondent failed to rectify her improper billing practices and continued to fraudulently bill the ACP for work she had not performed, thereby costing the ACP, and ultimately the taxpayers, thousands of dollars.

Nor can we ignore respondent's astounding exaggeration of work hours and her total failure to maintain any client records or time sheets that would permit an accurate accounting of

work actually performed. Previous disciplinary cases from this Court have imposed similar or longer suspensions where the duration and amount of overbilling was far less egregious than that committed by respondent (*see Matter of Stone*, 230 AD2d 481 [1997] [18-B attorney convicted of petit larceny for over-billling the ACP 159 hours totaling $6,000, which was repaid, suspended for one year, despite evidence of depression]; *Matter of Stern*, 90 AD2d 338 [1982] [18-B attorney convicted of petit larceny for overbilling the ACP by $3,721.25 suspended for six months]).

In light of the foregoing, we disaffirm that portion of the Hearing Panel's determination recommending a six-month suspension and order that respondent be suspended for a period of three years. We agree with the Hearing Panel that respondent's reinstatement should be conditioned on proof of her sobriety and her participation in an approved monitoring program.

Accordingly, the Committee's motion should be granted, the Hearing Panel's findings of professional misconduct are confirmed, and respondent suspended from the practice of law for a period of three years, respondent's reinstatement being conditioned on proof of her sobriety and her participation in an approved attorney-monitoring program.

BUCKLEY, P.J., NARDELLI, ANDRIAS, WILLIAMS and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three years, effective November 29, 2004.