■ In the Matter of HERIBERTO PALACIO, Appellant, v ROBERT M. MORGENTHAU, as District Attorney of New York County, et al., Respondents. [786 NYS2d 305]—

Judgment, Supreme Court, New York County (Kibbie F. Payne, J.), entered July 16, 2003, which denied petitioner's application for a judgment voiding and sealing respondent New York County District Attorney's parole recommendation, and directing respondent to submit a revised recommendation and to expunge all records of petitioner's arrests on charges which were ultimately dismissed, and which dismissed the petition brought pursuant to CPLR article 78, unanimously modified, on the law, to the extent of granting the application for a judgment voiding and sealing the parole recommendation and directing respondent to submit a revised recommendation in accordance with this decision and to serve a copy upon petitioner, and otherwise affirmed, without costs.

Respondent's disclosure to the Division of Parole of petitioner-inmate's previous arrests, which had been sealed pursuant to CPL 160.50, was improper. Although the sealing provision is generally invoked by those seeking to protect their reputation and employment prospects (*see* CPL 160.60; *Matter of Hynes v Karassik*, 47 NY2d 659, 662-663 [1979]), nothing in the statute prevents its application to the situation presented in this case (*Matter of Burr v Goord*, 283 AD2d 891 [2001]; *see also Matter of Alonzo M. v New York City Dept. of Probation*, 72 NY2d 662, 668 [1988]). Accordingly, petitioner is entitled to a new parole recommendation that makes no reference to arrests that have been sealed pursuant to CPL 160.50. However, petitioner is not entitled to expungement of records or any other relief (*Matter of Brown v Hallman*, 278 AD2d 604 [2000], *lv denied* 96 NY2d 709

[2001]). Concur—Buckley, P.J., Mazzarelli, Saxe, Friedman and Catterson, JJ.