[811 NYS2d 22]

In the Matter of Zoilo I. Silva, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, February 28, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*James T. Shed* of counsel), for petitioner.

*Zoilo I. Silva*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Zoilo I. Silva was admitted to the practice of law in the State of New York by the First Judicial Department on August 27, 1984, and at all times relevant to this proceeding has maintained an office for the practice of law within the First Judicial Department.

On October 26, 2004, respondent was served with a statement of charges containing six counts involving the misuse of an escrow account. Specifically, Charges One and Two alleged that respondent had deposited personal funds in the escrow account to conceal and shield them from an Internal Revenue Service lien for unpaid taxes totaling $42,959 plus interest and penalties, and a judgment creditor that was attempting to enforce a judgment of $71,496.50 against respondent, his former law partner, and his former law firm; these acts were alleged to constitute conduct involving dishonesty, fraud, deceit or misrepresentation and conduct prejudicial to the administration of justice (Code of Professional Responsibility DR 1-102 [a] [4], [5] [22 NYCRR 1200.3]). Charge Three alleged respondent's use of his escrow account as a personal and business account, constituting a failure to maintain a separate account for client funds (DR 9-102 [b] [1] [22 NYCRR 1200.46). Charge Four alleged the commingling of client funds with respondent's own business and personal funds therein (DR 9-102 [a]). Charge Five alleged failure to maintain records of deposits and withdrawals from the account (DR 9-102 [d]). Charge Six alleged that respondent had withdrawn funds from the escrow account by means of checks payable to cash and other cash withdrawals (DR 9-102 [e]).

The referee, following the hearing on liability, sustained all six of the charged disciplinary violations. Following the sanction hearing, the referee "reluctantly" recommended a two-year suspension, the sanction imposed in the comparable *Matter of Goldstein* (10 AD3d 174 [2004]).

After oral argument, the Hearing Panel sustained all six charges as well, although it disagreed with the finding that the desire to avoid the IRS lien had contributed to the motivation for respondent's misuse of the escrow fund. However, although it recognized the similarities between respondent's conduct and that of the respondent in *Matter of Goldstein* (*supra*), the Hear-

ing Panel concluded that a distinction should be made in the seriousness of the violations in the two cases, and recommended that a one-year suspension was appropriate in the present case.

The Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2), confirming the findings of fact and conclusions of law of the referee and Hearing Panel, and imposing a sanction which this Court deems appropriate. Respondent, pro se, cross-moves for an order disaffirming the referee's report and disaffirming in part the determination of the Hearing Panel, contending that his use of the escrow account for personal funds was never in an effort to avoid creditors, but was merely an ill-advised placement of his funds. He contends that his conduct warrants a less severe sanction than a one-year suspension, and requests that instead, this Court direct him to serve as a Small Claims arbitrator three times per month for one year.

Initially, the charges against respondent were properly sustained. The evidence presented to the referee at the hearing on liability, including banking records and other documentary evidence, provides ample support for the findings. While respondent challenges the sufficiency of the evidence as to any intent to defraud creditors, even purely circumstantial evidence permits the inference of an intent to defraud creditors (*see Matter of Goldstein*, 10 AD3d 174 [2004]; *Matter of Rose*, 286 AD2d 1 [2001]). That inference was proper here.

As to the appropriate sanction, we are of the view that respondent's misconduct is in every relevant way the equivalent of that considered in *Matter of Goldstein* (*supra*), and that therefore a two-year suspension from the practice of law is appropriate here. Indeed, notwithstanding the factors offered in mitigation, anything less would substantially deviate from precedent (*see also Matter of Betancourt*, 232 AD2d 9 [1997]; *Matter of Liedy*, 276 AD2d 100 [2000]).

The distinctions drawn by the Hearing Panel between the present matter and *Goldstein* are of no import. It is irrelevant that respondent opened the attorney escrow account years before deciding to misuse it as he did; the important point is that after his personal bank accounts had been levied upon by the IRS and another judgment creditor, he decided to shield his personal funds by the use of this escrow account for his business and personal funds. That he also kept an operating account also does little to lessen the severity of the misconduct, since the balance he maintained in that account rarely exceeded

$4,000. All in all, respondent's conduct manifested a serious scheme of deception and evasion, and an abuse of the escrow account.

Accordingly, the Committee's petition should be granted to the extent of confirming the referee's and Hearing Panel's findings of fact and conclusions of law sustaining the charges, and respondent should be suspended from the practice of law for a period of two years. Respondent's cross motion should be denied in its entirety.

BUCKLEY, P.J., TOM, SAXE, FRIEDMAN and SULLIVAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of two years, effective March 28, 2006 and until further order of this Court.