*727 OPINION OF THE COURT
Dominic R. Massaro, J.
This matter involves an ex parte application by the Administrator of the Assigned Counsel Plan (Appellate Division, First Department) (Jacqueline P. Plug, Esq.) (hereinafter the Plan) for an unsealing order respecting a trial transcript, pursuant to CPL 160.50 (1) (d). The transcript was sealed by operation of law following the termination of an underlying criminal action in favor of a then accused (see CPL 160.50). The Administrator is also a member of the Plan’s Central Screening Committee (hereinafter the CSC), which is responsible for monitoring attorneys participating in the Plan.
Inasmuch as no order is sought in connection with any inquiry or investigation directed against the formerly accused, movant advances that the granting of an order herein does not contravene the statutory purpose of CPL 160.50, that is, preventing adverse consequences to an individual against whom a criminal accusation was not ultimately sustained. Notwithstanding, movant avers that denying the request could shield an attorney who may be guilty of wrongdoing by preventing the disclosure of relevant evidence. This would pervert the purpose of the sealing statute and would potentially damage those served by the Plan. Further, movant advises that CSC proceedings are confidential and the unsealing is necessary to determine, apparently for the first time, whether a third-party attorney, a member of the Plan (hereinafter Attorney C.) engaged in misconduct or unprofessional behavior while representing an assigned client/defendant where such behavior, if proved, would constitute a danger to the public.
Procedural History
The client/defendant in the instant matter was arraigned in Bronx County Criminal Court on May 26, 2009; subsequently, Attorney C. was assigned to him as counsel. While so represented, the client/defendant was acquitted after a jury trial that ended January 28, 2010. Following upon the acquittal, the record was sealed. This matter is before the court because the District Attorney of Bronx County filed a formal complaint with the Plan about the behavior of Attorney C. during trial. On or about March 5, 2010 the Administrator of the Plan received said complaint. Pursuant to the Rules of the Appellate Division, First Department (22 NYCRR) § 612.13, Appendix A, the complaint was forwarded to the Chair of the CSC to commence inquiry; on the strength of the complaint, the CSC has taken *728 interim action suspending Attorney C. from participation in the Plan until final resolution of the complaint.
Assigned Counsel Plan
The Assigned Counsel Plan oversees the appointment of attorneys in criminal cases pursuant to article 18-b of the County Law. Under such authority, the Plan’s CSC evaluates whether the public-supported advocacy program has been besmirched by one of its appointees (see generally Matter of Steinberg, 206 AD2d 232, 234 [1st Dept 1994] [“all honest practitioners in the assigned counsel plan are the real victims”]). Movant seeks an order authorizing the clerk of the court to furnish a redacted copy of the trial transcript for CSC review for any action deemed appropriate (see generally Matter of Goldman, 11 AD3d 178 [1st Dept 2004]).
Though not one of the entities specifically enumerated under CPL 160.50 (1) (d), the CSC is an arm of the Appellate Division. The CSC is expressly charged with the responsibility of processing and investigating complaints concerning the competence and conduct of panel attorneys (see Rules of App Div, 1st Dept [22 NYCRR] § 612.13, Appendix A, § 3.1). The CSC is the sole entity charged with this task and all determinations by the CSC are appealable only to the Presiding Justice of the Appellate Division (Rules of App Div, 1st Dept [22 NYCRR] § 612.13, Appendix A, § 3.9).
The Court of Appeals has previously advanced that our courts have “inherent authority over records and its oversight and disciplinary power over attorneys and counselors at law” (Matter of Dondi, 63 NY2d 331, 338 [1984]; Matter of Hynes v Karassik, 47 NY2d 659, 664 [1979]). Accordingly, the High Court has held that this inherent authority permits the unsealing of criminal records when “protecting the public through investigation and possible discipline of an attorney” (Matter of Dondi at 338). It is well settled that upon a showing of necessity to protect the public, the court may override the protection of confidentiality accorded by CPL 160.50 and permit the unsealing of records (id.).
In this regard, movant argues that CSC authority provides a basis for unsealing a record even though the committee is not a “law enforcement” entity enumerated in section 160.50 (1) (d). Its responsibility for investigating complaints concerning panel attorneys arises from Rules of the Appellate Division, First *729 Department (22 NYCRR) § 612.3[1] and, for such reason alone, the CSC is entitled to receive the record unsealed. In this regard, movant advances that the CSC functions as an arm of the Appellate Division and, therefore, the unsealing request must be treated the same as a request by the Court itself.
Legal Discussion
Thousands are represented by attorneys from the Appellate Division, First Department’s Assigned Counsel Plan each year. Those persons whom the Court has deemed indigent are entitled to representation of the highest quality and professional standards. The goal and duty of the CSC are to ensure that the representation provided to these clients/defendants comports with these principles. The CSC is obligated to address reported instances of behavior below this standard. Here, it has been compellingly demonstrated that the trial transcript is critical in making a determination as to what occurred during the course of trial. It is both the best and unbiased evidence in this matter. Accordingly, the responsibility of the CSC to fully investigate the instant complaint against the attorney in question necessitates the requested unsealing. The behavior complained about, if true, otherwise presents a potential danger to those assigned to Attorney C.
Notwithstanding, it should not be forgotten that while the public surely has an interest in the outcome of this investigation so does Attorney C., a member in good standing at the bar for more than four decades, and for more than 10 years a member of the Assigned Counsel Plan panel. In order to afford him the most complete opportunity to assist in and further the investigation, it is imperative that the CSC share the underlying transcript.
It is worth noting that a review of the legislative intent and Practice Commentaries related to CPL 160.50 demonstrate that the sealing statute was enacted to protect the rights of the accused from stigma, discrimination and any lasting taint that can be accompanied by criminal accusations (see generally Pre *730 iser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 160.50). The law was enacted to be “consistent with the presumption of innocence” (see Matter of Joseph M. [New York City Bd. of Educ.], 82 NY2d 128, 131 [1993]). It was not enacted to protect legal practitioners from scrutiny in disciplinary matters. Therefore, the application of the CSC is clearly distinguishable from previous applications ruled on by the Court of Appeals. In previous applications the moving parties were seeking to further investigate a client/defendant, not his/her attorney in the matter (see generally Matter of Katherine B. v Cataldo, 5 NY3d 196 [2005]; Matter of Joseph M., supra; Matter of Hynes v Karassik, supra). Thus, the request for an order unsealing the transcript is not inappropriate (see generally Matter of Dondi, supra; Matter of State Commn. on Jud. Conduct, 108 Misc 2d 800 [Sup Ct, Monroe County 1981]).
Findings and Conclusions
The court finds the formerly accused is not a subject of CSC scrutiny. Nor does the committee seek the instant order in connection with any inquiry of him; rather, it is of his counsel as a legal practitioner. And while the language of CPL 160.50 would appear to prohibit granting a request to review records of a criminal action sealed under statute, it does not require denial here because the limited unsealing under the circumstances extant is consistent with the presumption of innocence, which means simply that no individual should suffer adverse consequences merely upon the basis of an accusation, unless the charge is ultimately sustained in a court of law.
The granting of the requested unsealing order does not contravene the statutory purpose of CPL 160.50, that is, to shield an acquitted client/defendant from any adverse effect. Additionally, all references to him are to be deleted. Further, the CSC proceedings are confidential. Finally, should evidence of attorney wrongdoing be contained in a trial transcript, the interests of justice require that such information be made available for any appropriate action.[2]
*731 Wherefore, based upon the foregoing, it is ordered that the trial transcript of indictment No. 2263/09 (Bronx County) should be unsealed, and, subject to all necessary redactions to preclude identification of the client/defendant in the matter pursuant to CPL 160.50 (1) (d), furnished, likewise by the CSC to the attorney in question herein; and it is further ordered that the Clerk of the Supreme Court, Bronx County, shall unseal and produce said transcript subject to the above redactions.

. Rules of the Appellate Division, First Department (22 NYCRR) § 612.3 provides that
“[t]he departmental screening committee shall have the authority and responsibility to oversee the operation of the panel plan and to consider all matters which pertain to the performance and professional conduct of individual panel plan attorneys in their assignments as panel attorneys and the representation of indigent parties in criminal proceedings.”

. Prior case law deals primarily with situations where an unsealing order is sought in investigations of persons for whose benefit the record was sealed (see generally Matter of Katherine B. v Cataldo, 5 NY3d 196 [2005]; Matter of Dondi, 63 NY2d 331 [1984]; Matter of Hynes v Karassik, 47 NY2d 659 [1979]; see also Matter of City of Elmira v Doe, 39 AD3d 942 [3d Dept 2007]; Matter of Palacio v Morgenthau, 13 AD3d 282 [1st Dept 2004]; cf. Matter of State Commn. on Jud. Conduct, 108 Misc 2d 800 [Sup Ct, Monroe County 1981] *731 [where the court approved the unsealing of a criminal case trial transcript where the target of an investigation was the Judge]).