[907 NYS2d 810]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v ERNESTO ENCARNACION, Defendant.

Supreme Court, Bronx County, August 10, 2010

**APPEARANCES OF COUNSEL**

*V. Marika Meis* for defendant. *Robert T. Johnson, District Attorney* (*Samson C. Huang* of counsel), for plaintiff.

## OPINION OF THE COURT

Dominic R. Massaro, J.

Pursuant to CPL 330.30 (1), defendant Ernesto Encarnacion moves for an order setting aside the verdict against him[1] arguing that evidence at trial was insufficient to support his conviction for assault in the second degree. In addition, defendant protests improper use of grand jury minutes by the prosecutor who allegedly used them in a manner violative of CPL 160.50. Defendant focuses upon the prosecution's revealing the complaining witness' transcribed grand jury testimony in a related case,[2] which allegedly violated the automatic seal imposed when a case is dismissed in favor of an accused.

Background

On July 1, 2009 defendant and another individual allegedly hit Anastacio Matias using metal chairs, injuring Matias' head and arms. While the other party was arrested at the scene, the case against him was dismissed when the grand jury failed to return a true bill. Notwithstanding, on September 6, 2009, the instant defendant was arrested for inflicting the same injury. Before trial, the parties disputed release of evidence involving the other party with defendant arguing that the prosecution should not have access to sealed grand jury minutes without an unsealing order. Consequently, the court ordered the prosecution to turn over to defendant evidence from the prior case, including the grand jury testimony. That order covered the questionable statement from the victim, which became relevant after the defense attempted to place Matias' credibility into issue for allegedly failing to tell arresting officers, at the scene or at the hospital, that anyone other than the original defendant was involved in the attack.

Movant's Position

Concerning sufficiency of the evidence, defendant says the evidence at trial fails to show that Encarnacion (rather than the other party) inflicted the injuries, thereby indicating that the prosecution failed to prove the "physical injury" element[3] of assault in the second degree herein (*see* Penal Law § 120.05).

---

1. Defendant was convicted of assault in the second degree (Penal Law § 120.05 [2]) on April 8, 2010.

2. (Index No. 42663-2009 [Bronx County].) The case involves the same facts as the instant case, but no true bill was returned against the accused party. The accused party's name will not be used in this opinion.

3. Penal Law § 10.00 (9) defines "[p]hysical injury" as "impairment of physical condition or substantial pain." Penal Law § 10.00 (10) defines "[s]eri-

Beside arguing that the prosecution failed to prove a necessary element, defendant says that when the prior case was dismissed, the record was automatically sealed (*see* CPL 160.50). Therefore, the prior case's evidence could not be used against Encarnacion because no unsealing order was obtained. Likewise, admitting the grand jury testimony as a prior consistent statement was error because defendant did not allege "recent fabrication."

Prosecutorial Response

According to the District Attorney, the evidence is legally sufficient to justify conviction when viewed in light most favorable to the prosecution (*see generally People v Thompson*, 75 AD3d 760 [3d Dept 2010]). The evidence in this case establishes each element of assault in the second degree. In this regard, the District Attorney stresses that the review standard is that the evidence leads a rational trier of fact to conclude that each element of the crime was proved beyond a reasonable doubt (*see generally People v Cabey*, 85 NY2d 417 [1995]). The District Attorney says that when taken together, (1) the complainant's testimony, (2) medical records, (3) physical manifestation of the injuries, and (4) photographs taken at the hospital establish each element of the crime, including physical injury.

Likewise, the District Attorney rejects the notion that defendant has standing to assert a CPL 160.50 objection to the use of the prior case material. The prosecutor notes the standard to set aside a verdict, under CPL 330.30 (1), is limited to instances where a reversal by an appellate court would be required as a matter of law. Only a claim preserved for appellate review can result in vacating a verdict (*see generally People v Josey*, 204 AD2d 571 [2d Dept 1994]). Here, defendant failed to make timely and specific objections (*see generally People v Everson*, 100 NY2d 609 [2003]) and, as a result, defendant's claims are not preserved (*see generally People v Reed*, 84 NY2d 945 [1994]). Finally, the District Attorney stresses that defendant lacks standing to object to the grand jury material because defendant is not a party protected by statute and cannot raise another's statutory rights, whether conferred by CPL 160.50 or otherwise

ous physical injury" as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."

*(see generally People v Cruz,* 1 Misc 3d 908[A], 2004 NY Slip Op 50004[U] [Sup Ct, Bronx County 2004]).[4]

Legal Discussion

At any time after rendition of a guilty verdict and before sentence is imposed, a court is empowered, upon defendant's motion, to set aside the verdict (or any part thereof) upon any ground appearing in the record which, if raised on appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law *(see* CPL 330.30 [1]). In this case, defendant failed to show any ground requiring reversal or modification of the guilty verdict.

A jury convicted defendant of assault in the second degree. The penal statute, as applicable here, provides that a person is guilty of assault in the second degree when "[w]ith intent to cause serious physical injury to another person, he causes such injury to such person" *(see* Penal Law § 120.05 [1]).

In deciding whether to vacate the verdict, the court finds that the prosecution presented the jury with sufficient evidence for a trier of fact to rationally find that each element of the crime was proved beyond a reasonable doubt. Unlike an appeals court which, on appeal from a judgment of conviction, is empowered to reverse upon the ground that the verdict is against the weight of the evidence, a trial court may set aside a verdict pursuant to CPL 330.30 only in instances where the evidence is legally insufficient to support the verdict *(see People v Brown,* 141 AD2d 657 [2d Dept 1988]). Here, the court finds the evidence legally sufficient *(see generally People v Rodriguez,* 187 AD2d 401 [1st Dept 1992] [use of a chair is assault in the second degree]).

Likewise, the court finds defendant lacks standing under CPL 160.50 to object to use of sealed records of a third party. The prosecutor used only evidence obtained during an ongoing investigation and provided it to defendant. Because defendant had full access to the grand jury material, no prejudice or disadvantage arose from the District Attorney's use of the complainant's statement *(see generally Jencks v United States,* 353 US 657 [1957]). Further, the prosecutor was under the court's direction during a *Wade/Dunaway* hearing to provide the grand jury material to defendant and such material was provided *(see* Mar. 29, 2010 tr at 8-11; *see also* CPL 240.45).

---

4. The District Attorney maintains defendant's pretrial request for the other party's case documents resulted in review of the documents by the court in camera before they were turned over to the defense.

The court finds no violation of grand jury secrecy.[5] Defendant received the witness' transcribed testimony by court direction before the testimony was used (*see* CPL 240.44). Further, no secrecy violation exists for a witness who merely acknowledges his own testimony before an earlier grand jury (*see generally* Note, *Discovery by a Criminal Defendant of His Own Grand-jury Testimony*, 68 Colum L Rev 311, 313 [1968] [best reason for grand jury secrecy is to assure witness can testify without fear of reprisal]). Likewise, defendant is not disadvantaged by the prosecutor's use of the grand jury testimony to rehabilitate his witness because defendant already possessed the transcript by court direction.[6] Finally, defendant lacks standing to raise the protection of CPL 160.50 here (*see generally Matter of Central Screening Comm. of Appellate Div., First Dept.*, 28 Misc 3d 726 [Sup Ct, Bronx County 2010]). Use of the testimony, even if a violation of CPL 160.50, does not invalidate the instant conviction. Any disclosure was of such a nature that reversal is not required even if a technical violation is found (*see generally People v Chi Lau*, 171 AD2d 581 [1st Dept 1991]). Further, justice required access to the transcript under these circumstances.

---

**5.** The prosecutor asked Mr. Matias about his grand jury testimony on redirect (Apr. 5, 2010 tr at 119-123). The prosecutor read the following questions and answers from the grand jury transcript which Mr. Matias acknowledged:

"Question: Okay. And could you please describe this commotion that you are talking about.

"Answer: Well, I told them that they needed to move and one of them had a chair and hit me with the chair.

"Question: Which one of them are you talking about? Who are you speaking of?

"Answer: I told him the big one, the biggest one was the one that hit me with the chair.

"[Question:] Okay. And was that person arrested?

"Answer: No.

"Question: Okay. So what happened after this big individual came and hit you with a chair?

"Answer: The other one kept hitting me with the chair. Camelo kept hitting me with the chair too." (Tr at 121-122.)

**6.** The general rule is that if grand jury minutes are unsealed, they may be used for the purpose of impeaching—and presumably rehabilitating—a witness in a subsequent trial pursuant to court order (*see generally People v Lester*, 135 Misc 2d 205 [Sup Ct, Bronx County 1987]). Here, defendant's counsel, during the *Wade/Dunaway* hearing, in effect requested that the minutes be "unsealed." Appropriately redacted copies were ordered to be turned over to the defense (*Wade/Dunaway* hearing, tr at 10).

A party may not ordinarily bolster a witness' testimony by showing that the witness previously made statements consistent with his present testimony (*see generally People v McDaniel*, 81 NY2d 10 [1993]). But certain exceptions exist to this rule and have been recognized, including rebutting a defense claim of "recent fabrication" (*see generally People v Ochoa*, 14 NY3d 180 [2010]). While defendant's counsel argues that she is not raising "recent fabrication" against Mr. Matias, in fact, this is what she has done. She attacked the witness' character for truth and veracity because she saw a change in the witness' testimony after the case against the other individual was dismissed. Such an attack thereby opens the door to a prior consistent statement (*see generally People v Mirenda*, 23 NY2d 439 [1969]). Clearly, Mr. Matias' testimony is that defendant assaulted him; he testified there is no doubt in his mind in this regard. Such testimony is not impermissible bolstering under the extant circumstances (*see People v Ochoa, supra*).

Concerning whether the complainant's statement was otherwise properly admitted into evidence, the court finds that the statement was correctly utilized. Even if such statement was not admissible, any error is inconsequential and provides no grounds for reversing the verdict.

Based upon the foregoing, it is ordered that, pursuant to CPL 330.30 (1), defendant Ernesto Encarnacion's motion for an order directing that the verdict against him be set aside is denied.