[699 NYS2d 416]

In the Matter of JOSE M. BETANCOURT, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 16, 1999

### APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Jose M. Betancourt was admitted to practice law

in the State of New York by the Second Judicial Department on November 14, 1979 and, at all relevant times, maintained an office for the practice of law within the First Judicial Department.

This Court, by decision and order entered July 24, 1997 (232 AD2d 9), suspended respondent from the practice of law for a period of three years resulting from his neglect of legal matters entrusted to him, making misrepresentations to a client, commingling funds and charging an excessive fee.

On December 11, 1997, respondent was charged in an indictment filed in the Supreme Court of the State of New York, Bronx County, with two felony counts of grand larceny in the third degree (Penal Law § 155.35); two felony counts of criminal possession of stolen property (Penal Law § 165.50); and one misdemeanor count of practicing or appearing as an attorney-at-law without being admitted and registered (Judiciary Law § 478). It was alleged that respondent had taken funds from a client in excess of $6,000, and falsely assured the client that he would represent him, when he knew that he was suspended from the practice of law.

In a subsequent indictment dated February 24, 1998, and filed in the same court, respondent was charged with two felony counts of burglary in the second degree (Penal Law § 140.25); two felony counts of criminal contempt in the first degree (Penal Law § 215.51); one misdemeanor count of criminal mischief in the fourth degree (Penal Law § 145.00); one misdemeanor count of menacing in the second degree (Penal Law § 120.14); and one misdemeanor count of harassment (Penal Law § 240.25). Respondent is alleged to have entered his mother's home in violation of a renewed order of protection, destroyed property, shoved his mother, and threatened her with future bodily harm.

Respondent subsequently pleaded guilty on May 6, 1999, to one felony count of grand larceny in the third degree and one misdemeanor count of practicing as an attorney-at-law without being admitted and registered, as charged in the December 1997 indictment. Respondent also pleaded guilty, under the first count of the February 1998 indictment, to the reduced felony count of burglary in the third degree. On June 17, 1999, respondent was sentenced, pursuant to the terms of his plea agreement, to five years probation with mandatory psychiatric counseling, as well as treatment for drug and alcohol abuse.

The Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys upon the

ground that he has been disbarred upon his conviction of a felony as set forth in Judiciary Law § 90 (4) (e). Respondent has not appeared in this proceeding and since it is clear that respondent's conviction constitutes a felony under Judiciary Law § 90 (4) (e), the petition is granted.

Accordingly, the petition should be granted, the respondent disbarred, and his name stricken from the roll of attorneys.

SULLIVAN, J. P., NARDELLI, MAZZARELLI, RUBIN and ANDRIAS, JJ., concur.

Petition granted and respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, as indicated.