[934 NYS2d 98]

In the Matter of PAUL B. DALNOKY (Admitted as PAUL BENJAMIN DALNOKY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 17, 2011

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Vitaly Lipkansky* of counsel), for petitioner.

Respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Paul B. Dalnoky was admitted to the practice of law in the State of New York by the First Judicial Department on March 14, 1994. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

In May 2009, respondent was served with a notice of charges alleging that he committed the following misconduct: concealing and shielding personal funds and legal fees from tax authorities and judgment creditors by depositing them into his attorney escrow account in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5] [charges 1, 2 and 8]); using the attorney escrow account as a

personal and business account thereby failing to maintain personal and business accounts separate from his attorney escrow account in violation of DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1] [charge 3]); failing to maintain required bookkeeping records for his attorney escrow account in violation of DR 9-102 (d) (22 NYCRR 1200.46 [d] [charge 4]); commingling client funds with his personal funds in violation of DR 9-102 (a) (22 NYCRR 1200.46 [a] [charge 5]); failing to promptly refund to clients unearned retainer fees in violation of DR-2-110 (a) (3) (22 NYCRR 1200.15 [a] [3] [charges 7, 11 and 21]); neglecting three legal matters entrusted to him in violation of DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3] [charges 9, 10 and 20]); and engaging in conduct that adversely reflects on his fitness as a lawyer in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7] [charge 23]).

On June 24, 2009, respondent pro se submitted an answer in which he admitted some of the factual allegations and admitted his liability to some of the charges. In a prehearing stipulation, the Departmental Disciplinary Committee (Committee) withdrew 10 of the 23 charges, and respondent admitted his liability as to 8 of the 13 remaining charges with some modification.

On May 7, 2010, a hearing was conducted before a Referee, who sustained the charges admitted by respondent in the stipulation (charges 2, 3, 4, 5, 7, 8, 9 and 11), as well as four of the five charges denied by respondent (charges 1, 10, 20 and 23). The Referee reserved decision as to charge 21.

By report dated July 16, 2010, the Referee sustained the charges as above, but found that the Committee did not carry its burden with respect to charge 21. The Referee recommended a three-year suspension (*Matter of Betancourt*, 232 AD2d 9 [1997]).

On August 23, 2010, oral argument was held before a Hearing Panel, with the Committee urging reversal of the Referee's finding in favor of respondent on charge 21 and respondent arguing primarily for a lesser sanction. The Hearing Panel's report, dated September 30, 2010, sustained the Referee's liability conclusions and recommended sanction.

At the hearing before the Referee, the following facts were adduced: with respect to charges 1 through 5, the record showed that during the period from 2007 into 2010, respondent used his escrow account as his personal bank account in order to avoid a number of judgments and liens obtained by taxing authorities and banks, and continued to do so after he acknowl-

edged to Committee staff that such use was improper and he would discontinue this practice. In the stipulation, respondent admitted charges 2 through 5.

With respect to charges 7 and 8, relating to respondent's representation of a client in a landlord-tenant matter in which the client paid respondent a $500 retainer, respondent admitted in the stipulation that he failed to promptly return the retainer fee, forcing the client to obtain a judgment against him.

With respect to charge 9, relating to a complaint regarding respondent's representation of the members of a tenant's association in an action against a Bronx landlord, respondent admitted he neglected a legal matter entrusted to him by not moving to vacate the dismissal of the action caused by his non-appearance.

With respect to charges 10 and 11, relating to respondent's representation of a client in connection with her desire to seek damages for false arrest, respondent admitted that he failed to promptly return the unearned portion of the retainer fee after he failed to file suit and then withdrew from representation.

With respect to charges 20 and 21, relating to respondent's representation of a client in a landlord-tenant matter, the Referee determined that respondent failed to promptly return the unearned portion of his retainer fee (charge 20). However, the Referee also found the Committee did not meet its burden of showing that the legal advice respondent provided was not worth the $500 retainer fee and did not sustain this charge (charge 21).

With respect to charge 23, the Referee found that respondent's various admissions and the evidence in the record concerning the other charges established that respondent engaged in conduct that adversely reflected on his fitness as a lawyer.

Concerning the question of an appropriate sanction, the Referee considered the client letters submitted by respondent, the evidence that respondent ultimately satisfied the judgment against him obtained by a former client, and that he refunded another client's retainer. Given the number and nature of respondent's violations, the Referee concluded that a significant suspension was warranted, rejecting the authorities cited by respondent which involved mere negligence in handling of an escrow account. In addition, respondent received admonitions in 2002 for failure to provide a written retainer, and in 2005 for improper notarization of a signature, agreeing to charge a

contingent fee as the basis of any recovery, and filing a frivolous motion. Relying primarily upon *Matter of Betancourt* (232 AD2d 9 [1997]) for the sanction of a three-year suspension, the Referee stated he would have recommended a two-year suspension but for respondent's continued practice of concealing his personal assets from judgment creditors and tax authorities with liens against him.

The Hearing Panel sustained all the findings and conclusions of the Referee, as well as the recommended sanction of a three-year suspension. The Hearing Panel noted respondent's continued misuse of the escrow account after the commencement of the Committee's investigation and after his acknowledgment of the impropriety of such conduct. The Hearing Panel further determined that the letters from satisfied clients offered in mitigation were not sufficiently significant to warrant a departure from the presumptive sanction outlined in *Betancourt.*

The Committee seeks an order confirming the Hearing Panel's findings of fact and conclusions of law, and imposing the recommended sanction. Respondent has submitted a pro se answer and memorandum of law in opposition in which he asks us to disaffirm the Hearing Panel's determination "only to the extent of" the recommended sanction, seeking instead a suspension period "no greater than six to twelve months."

A review of the evidence presented to the Referee and Hearing Panel demonstrates that there is ample support for the liability findings as well as the recommended sanction.

As noted, respondent concedes that a suspension is warranted. However, a significant suspension should be imposed based on the number and nature of his violations, including the deliberate misuse of his escrow account to avoid judgment creditors at least through the time of the May 2010 hearing. Respondent's expressions of remorse are belied by his persistence in justifying this misuse as being based on necessity due to his representation of poor and working class individuals. As the Referee and Hearing Panel found, respondent is not entitled to impose the financial burden of this otherwise praiseworthy conduct upon third parties. Moreover, respondent has not provided sufficient evidence to mitigate his liability for neglecting three legal matters or his failure to promptly return unearned fees to clients.

Precedent supports the recommended sanction. Deliberate misuse of an escrow account in and of itself is significant enough to warrant a two-year suspension (*see Matter of Silva*, 28 AD3d

11, 13 [2006]; *Matter of Goldstein,* 10 AD3d 174, 177 [2004]). Where attorneys "have engaged in a pattern of neglect and have received prior admonitions," the usual sanction imposed has been a three-year suspension (*see Betancourt,* 232 AD2d at 15). This sanction is particularly appropriate here, given respondent's continued misuse of his escrow account after acknowledging to the Committee that such misuse was improper.

Accordingly, the Committee's petition should be granted, and respondent suspended for a period of three years, and until further order of this Court.

SAXE, J.P., SWEENY, CATTERSON, ABDUS-SALAAM and MANZANET-DANIELS, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three years, effective the date hereof.