[975 NYS2d 666]

In the Matter of KEVIN G. MCLEAN (Admitted as KEVIN GERARD MCLEAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 26, 2013

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Kevin G. McLean was admitted to the practice of

law in the State of New York by the Second Judicial Department on September 30, 1987, under the name Kevin Gerard McLean. At all times relevant to this proceeding, respondent's last known registered business address was within the First Judicial Department. According to the records of the Office of Court Administration, respondent has been delinquent in his attorney registration since 2007.

On May 1, 2013, respondent pleaded guilty in Supreme Court, New York County to burglary in the third degree, a class D felony, in violation of Penal Law § 140.20. Respondent admitted during his plea allocution that on November 2, 2011, in violation of a criminal trespass act issued against him, he entered a Best Buy store with the intent to commit larceny. On May 15, 2013, respondent was sentenced to one year in prison, and directed to pay various surcharges and fees.

The Departmental Disciplinary Committee now seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys on the ground that he was automatically disbarred as of the date of his conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent, pro se, has been served with this petition by first-class mail and certified mail, return receipt requested, at his last known registered address but has not submitted a response.

Respondent's conviction of the class D felony of burglary in the third degree constitutes grounds for his automatic disbarment and his name should be stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b) (*Matter of Connell*, 110 AD3d 252 [1st Dept 2013] [automatic disbarment where attorney pleaded guilty to, inter alia, the class D felony of grand larceny in the third degree]; *Matter of Harris*, 109 AD3d 136 [1st Dept 2013] [automatic disbarment where attorney pleaded guilty to the class D felony of grand larceny in the third degree]; *Matter of Betancourt*, 263 AD2d 245 [1st Dept 1999] [automatic disbarment where attorney pleaded guilty to, inter alia, burglary in the third degree]; *Matter of Castelbuono*, 136 AD2d 120 [1st Dept 1988] [automatic disbarment where attorney pleaded guilty to, inter alia, burglary in the second degree]).

Accordingly, the Committee's petition to strike respondent's name from the role of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b) should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 1, 2013.

SWEENY, J.P., MOSKOWITZ, RENWICK, DEGRASSE and GISCHE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 1, 2013.