[17 NYS3d 124]

In the Matter of DENISE J. BROWN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 6, 2015

8

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner.

*Ronald Paul Hart, P.C.* (*Ronald Paul Hart* and *Beth Green* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Denise J. Brown was admitted to the practice of law in the State of New York by the First Judicial Department on December 1, 1986. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.

In 2013, the Departmental Disciplinary Committee (DDC) brought a total of nine charges against respondent alleging that she, inter alia, misused her escrow account in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (e) and (b) (1) and 8.4 (c) and (d); failed to furnish clients with letters of engagement or retainer agreements for services where her fees exceeded $3,000 in violation of 22 NYCRR 1215.1 and rule 8.4 (d); and falsely affirmed in her biennial attorney registration statement that she was in compliance with the Rules of Professional Conduct governing escrow accounts in violation of rule 8.4 (h).

A hearing on the charges was held before a Referee. The Referee sustained charges one through six, as well as charge eight. The Referee recommended a sanction of a two-year suspension as the appropriate sanction.

A Hearing Panel heard oral argument. In a report dated October 27, 2014, the Hearing Panel confirmed the Referee's liability findings insofar as he sustained charges one through six and eight, and also recommended sustaining charge nine. As to the sanction, the Hearing Panel confirmed the Referee's recommendation that respondent be suspended for two years.

The Committee now moves pursuant to Rules of the Appellate Division, First Department (22 NYCRR) §§ 603.4 (d) and 605.15 (e) (2) for an order confirming the Hearing Panel's liability findings and its recommendation of a two-year suspension. Respondent does not object to the Hearing Panel's liability findings, but opposes the recommended sanction. For the reasons set forth below, we now grant the petition to confirm the Hearing Panel's liability findings, as well as the

recommended sanction of suspending respondent from the practice of law for two years.

Respondent focuses her practice on corporate transactions, with an emphasis on entertainment matters. Prior to April 23, 2010, respondent maintained a business operating account, a personal account, and an escrow account, all with Chase Bank. In May 2010, the Internal Revenue Service levied against respondent's personal and business accounts in connection with a tax lien, withdrawing approximately $24,000. Thereafter, respondent began depositing the legal fees she received into her escrow account and paying personal and business expenses therefrom. Continuing through September 2012, respondent deposited legal fees and other personal funds exceeding $500,000 into her Chase escrow account. Respondent also named her accountant, a nonattorney, as a signatory on her escrow account. Between 2010 and 2012, the accountant signed numerous checks on the escrow account, which were payments of respondent's business and personal expenses. In addition, the accountant signed 14 escrow checks made payable to cash and effectuated other cash withdrawals from the escrow account.

Respondent testified before the Referee that she had received notice of the IRS levies, that she had discussed the matter with her accountant, and that she was aware that there were outstanding federal tax liens against her. In addition, respondent testified that, as of May 2010, in her view, her Chase escrow account was no longer an escrow account because no client funds were deposited into the account. Respondent testified that her escrow account had not held client funds since approximately 2006. According to respondent, although she discussed the IRS levies with her accountant, the two never spoke of her using the escrow account for personal and business purposes to avoid further levies. Respondent did not call her accountant as a witness.

By making her accountant, a nonattorney, an authorized signatory on the escrow account, respondent violated rule 1.15 (e), and we therefore confirm the Hearing Panel's recommendation that we sustain charge two. By depositing legal fees and personal funds into her escrow account, using the account to pay business and personal expenses, and permitting her accountant to make cash withdrawals from the account, respondent violated rule 1.15 (b) (1) (a lawyer shall maintain separate accounts for funds of another received incident to the practice

of law) and (e) (all special account withdrawals shall be made to a named payee and nonlawyers are not authorized to be signatories). Accordingly, we confirm the Hearing Panel's recommendation to sustain charges one, three, and four.

Contrary to respondent's argument, the fact that she stopped depositing client funds into her escrow account does not exempt the account from rule 1.15 requirements. The record supports the finding that respondent's misuse of her escrow account was for the intended purpose of shielding funds from the IRS in violation of rule 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation) and (d) (conduct prejudicial to the administration of justice). Accordingly, we confirm the Hearing Panel's recommendation sustaining charges five and six.

Respondent testified that she failed to provide some clients with letters of engagement or retainer agreements for matters which she knew at the time of retention would incur fees in excess of $3,000. We agree with the Hearing Panel's conclusion that such conduct violates rule 8.4 (d) and 22 NYCRR 1215.1, and therefore sustain charge eight.

Respondent was also charged with violating rule 8.4 (h) (conduct adversely reflecting on fitness as a lawyer) for filing a false affirmation by certifying in her "2011" biennial attorney registration that she was in compliance with rule 1.15. In the pre-hearing stipulation, however, the DDC alleged that respondent had falsely affirmed she was in compliance with rule 1.15 when she filed her biennial registration statement on December 17, 2010. Although the DDC did not formally amend charge nine in the stipulation, nor did it request that charge nine be corrected at the hearing, we agree with the Hearing Panel that the incorrect reference to 2011 rather than 2010 in the charge was a typographical error. We also find that based upon the parties' pre-hearing stipulation, respondent was on notice that the actual year in dispute was 2010 and, in view of the violations concerning her escrow account during that year, the 2010 affirmation of compliance was a false statement. Therefore, we confirm the Hearing Panel's recommendation sustaining charge nine.

We also find that the sanction of a two-year suspension is appropriate (*Matter of Pritikin*, 105 AD3d 8 [1st Dept 2013] [two-year suspension for, inter alia, opening an IOLA account so that client could deposit personal and business funds to avoid attachment of substantial tax liens and judgments]; *Matter of Dalnoky*, 90 AD3d 1 [1st Dept 2011] [three-year suspen-

sion for use of escrow account to shield personal funds from tax liens and judgment creditors; two prior admonitions and the respondent continued to misuse escrow account after he acknowledged to DDC that such misuse was improper]; *Matter of Silva*, 28 AD3d 11 [1st Dept 2006] [two-year suspension for use of escrow account to shield personal and business funds from IRS tax lien and a judgment creditor, and cash withdrawals from escrow account]).

In support of her request for the lesser sanction of public censure, respondent cites to *Matter of Kaplan* (113 AD3d 184 [1st Dept 2013]) in which the respondent was publicly censured for allowing a friend in the midst of financial difficulties to use his IOLA account to shelter funds from tax and judgment creditors; making false statements to the DDC that he was not aware of the tax liens; depositing personal and business funds into his IOLA account; and allowing his nonlawyer spouse to be a signatory on his IOLA account. In *Kaplan*, however, and unlike here, we noted that "respondent's misconduct was not the result of a well-orchestrated scheme to shelter substantial funds"; rather, it was a misguided attempt to help his friend, a single mother, who was essentially judgment proof, which "casts doubt on the venality of respondent's state of mind" (113 AD3d at 189).

Accordingly, the Committee's petition should be granted, the Hearing Panel's findings and conclusions of law are confirmed, and respondent is suspended from the practice of law for a period of two years.

FRIEDMAN, J.P., ANDRIAS, SAXE, RICHTER and GISCHE, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of two years, effective November 6, 2015, and until further order of this Court.