[58 NYS3d 380]

In the Matter of STEVEN C. BRODSKY (Admitted as STEVEN CHARLES BRODSKY), an Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 25, 2017

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Orlando Reyes* of counsel), for petitioner.

*Richard E. Grayson,* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Steven C. Brodsky was admitted to the practice of law in the State of New York by the First Judicial Department on April 14, 1997, under the name Steven Charles Brodsky.

By notice of joint motion dated May 11, 2017, the Attorney Grievance Committee and respondent move pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (a) (5) for this Court to impose discipline on consent based upon the stipulated facts and the parties' agreement that respondent be suspended from the practice of law for two years and until further order of this Court.

From about May 2014 through about November 2014, respondent, while representing clients in 16 domestic relations matters, charged and collected fees for legal services rendered without entering into written retainer agreements with those clients.

Beginning on or about November 1, 2001, respondent maintained an attorney trust account at TD Bank but failed to create or maintain required records for the activity therein. In addition, he withdrew funds from the account and deposited his earned legal fees into the account in order to evade judgment from creditors as well as shield the funds from levy, although he did not misappropriate client funds. As of January 10, 2017, five judgments against respondent had not been satisfied.

In addition, the parties have stipulated that on or about December 12, 2014, a Canadian resident retained respondent to represent him as plaintiff in an uncontested matrimonial action in New York. Respondent collected $842 in legal fees

without entering into a retainer agreement with him. On or about December 29, 2014, respondent commenced the matrimonial action in Supreme Court, Westchester County. On January 31, 2015, the client executed an affidavit, which respondent notarized outside of his presence, and filed with the court. Thereafter, respondent failed to respond to the client's many inquiries regarding the action; provided little or no legal services in connection with the action; did not provide the legal services necessary to conclude the action; and did not refund any portion of the legal fees prior to the commencement of these proceedings.

Respondent has submitted his affidavit in support of the parties' joint motion and conditionally admits to:

(a) failing to maintain his attorney registration, in violation of Judiciary Law § 468-a and Rules of Professional Conduct (22 NYCRR 1200.0) (RPC) rule 8.4 (d);

(b) charging and collecting legal fees from clients in domestic relations matters without entering into a written retainer agreement, in violation of RPC rule 1.5 (d) (5) (ii);

(c) failing to create and/or maintain records of trust account transactions, including all withdrawals, in violation of RPC rule 1.15 (d) (1) (i);

(d) failing to maintain a record for an attorney special account showing the source of deposited funds; the amount of, and names of all persons for whom, the funds were held; and the description, amounts, and names of persons to whom such funds were disbursed, in violation of RPC rule 1.15 (d) (1) (ii);

(e) failing to make entries of all financial transactions in an attorney special account, in violation of RPC rule 1.15 (d) (2);

(f) executing multiple online withdrawals from an attorney special account not to a named payee, in violation of RPC rule 1.15 (e);

(g) keeping earned legal fees in an attorney special account intended only for client/third-party funds, in violation of RPC rule 1.15 (b);

(h) depositing earned legal fees in an escrow account to conceal and shield them from creditors, thereby engaging in (1) conduct involving dishonesty, fraud, deceit or misrepresentation (not involving the misappropriation of client funds) in violation of RPC rule 8.4 (c); and (2) conduct prejudicial to the administration of justice in violation of RPC rule 8.4 (d);

(i) falsely notarizing an affiant's written statement without administering an oath to the affiant in person, thereby engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of RPC rule 8.4 (c);

(j) intentionally submitting to a tribunal a falsely notarized document, thereby engaging in conduct prejudicial to the administration of justice, in violation of RPC rule 8.4 (d);

(k) failing to promptly comply with a client's reasonable requests for information, in violation of RPC rule 1.4 (a) (4);

(l) neglecting a legal matter by failing to provide legal services, in violation of RPC rule 1.3 (b);

(m) withdrawing from representing a client without taking steps to avoid foreseeable prejudice to the rights of the client, based on respondent's failure to continue to provide legal services and to refund any portion of a legal fee prior to the commencement of these proceedings, in violation of RPC rule 1.16 (e); and

(n) failing, overall, to meet respondent's professional responsibilities, constituting conduct adversely reflecting on his fitness as a lawyer, in violation of RPC rule 8.4 (h).

Regarding mitigation, respondent cooperated with the Committee's investigation and turned over bank and PayPal records, he never held any client funds in the trust account, and, no client funds were misappropriated. Respondent believed that, since no client funds were held in the trust account, no account records were required to be maintained.

The trust account was opened in July 2010, after three of the five unsatisfied judgments were entered. Most of the judgments were personal in nature and unrelated to the practice of law.

With respect to the false notarization, when respondent requested that the client have the document in question notarized, the client objected to driving from Canada to New York for that purpose. For this reason, respondent instructed the client to send him the signed document without notarization. Respondent compared the signature on the document to those on previously-notarized documents and, finding them to match, notarized the document. On or about November 4, 2016, respondent fully refunded the client his $842 legal fee.

Liability has been established based on respondent's conditional admissions and, therefore, the remaining issue is the appropriate sanction to be imposed.

Sanction for misuse of an IOLA account to conceal and shield personal funds from tax liens or judgment creditors ranges from public censure to suspension. Typically, public censure is imposed where the misconduct is based on negligence or mistake, rather than "venal intent" (*see Matter of Kaplan*, 113 AD3d 184 [1st Dept 2013]; *Matter of Dyer*, 89 AD3d 182 [1st Dept 2011]). By contrast, where the respondent acts in furtherance of an intentional scheme to deceive and evade creditors, this Court has imposed a two-year suspension (*Matter of Brown*, 133 AD3d 7, 10 [1st Dept 2015]; *Matter of Pritikin*, 105 AD3d 8, 13 [1st Dept 2013]; *but see Matter of Dalnoky*, 90 AD3d 1 [1st Dept 2011] [imposing three-year suspension for persistent misuse of escrow account despite two prior admonitions and the respondent's acknowledgment that such misuse was improper]; *Matter of Rose*, 286 AD2d 1 [2d Dept 2001] [disbarring the respondent for persistent misuse of IOLA account after having received two admonitions, a letter of caution and failing to satisfy a judgment]).

Here, the appropriate sanction is a two-year suspension, as suggested by the parties. Respondent has admitted the allegations and charges, which support a finding that he acted with intent to evade his personal creditors, rather than out of negligence or mistake. The additional misconduct, such as failure to provide retainer letters and improper notarization, does not justify a sanction greater than a two-year suspension (*see Matter of Brown*, 133 AD3d at 8-10 [two-year suspension for misuse of escrow account, failure to furnish clients with retainer letters, and false affirmation in biennial attorney registration]; *Matter of Pritikin*, 105 AD3d at 9-13 [charges based on misuse of IOLA account to help client avoid creditors, failure to segregate client's personal/business funds from escrow funds, improperly writing escrow checks payable to cash]). Neither is a greater sanction called for based on respondent's prior admonition, particularly given the various mitigating circumstances, including that his misconduct in the false notarization matter appears to have been driven by carelessness rather than ill intent (*cf. Matter of Dalnoky*, 90 AD3d 1 [2011]).

Accordingly, the joint motion for discipline by consent should be granted, and respondent is suspended from the practice of law in the State of New York for a period of two years and until further order of this Court.

ACOSTA, P.J., RICHTER, WEBBER, KAHN and GESMER, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of two years, effective the date hereof, and until further order of this Court.