Matter of Harper (2021 NY Slip Op 00023)





Matter of Harper


2021 NY Slip Op 00023


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Troy K. Webber
Tanya R. Kennedy
Saliann Scarpulla
Manuel J. Mendez, JJ.


Motion No. 2020-03552 Case No. 2018-00165 

[*1]In the Matter of Jake Harper, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jake Harper (OCA, Atty Reg. No. 2399889), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on February 4, 1991.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Kevin P. Culley, of counsel), for petitioner.
Stuart Altman, Esq., for respondent.



Per Curiam 


Respondent Jake Harper was admitted to the practice of law in the State of New York by the First Judicial Department on February 4, 1991. At all times relevant to this proceeding, respondent maintained a law office within the First Department.
In 2018, the Attorney Grievance Committee (the Committee) served respondent with a notice of petition of charges that he failed to file federal and state personal income tax returns for nine tax years, in violation of former Code of Professional Responsibility DR 1-102(a)(7) (22 NYCRR 1200.3[a][9] and current rule 8.4(h), misused his escrow accounts to shield his personal funds from tax authorities, in violation of rule 8.4(c), commingled personal funds with client funds, in violation of rule 1.15(a), misused his escrow account by using it to hold personal/business funds of incident to the practice of law, in violation of rule 1.15(b)(1), made cash withdrawals from his escrow account, in violation of rule 1.15(e), failed to keep required bookkeeping records, in violation of rule 1.15(d), and by virtue of all the charged misconduct, engaged in conduct that adversely reflected on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
In his answer, respondent admitted some of the Committee's factual allegations, admitted the two charges alleging commingling personal funds with client funds and failing to keep required bookkeeping records, denied the remaining charges, and asserted as an affirmative defense that he was " in the process of remedying his tax situation with the IRS."
On September 21, 2018, this Court sustained the admitted charges, of commingling personal funds with client funds and failing to keep required bookkeeping records, and appointed a referee to conduct a hearing on the remaining charges and to recommend such disciplinary sanction as may be appropriate.
By a January 2020 stipulation, respondent admitted the material facts and all the charges. Both parties made post-hearing submissions in which the Committee argued for a two-year suspension and respondent argued against a suspension. By October 1, 2020 report, the Referee sustained all the charges and recommended that respondent be suspended for two years.
Now, the Committee seeks an order, pursuant to 22 NYCRR 603.8-a(t) (4) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(b), confirming the Referee's liability findings and sanction recommendation. The Committee served the motion on respondent's counsel by email but he has not submitted a response. 
The facts of respondent's misconduct are not in dispute. Respondent began practicing law full time in 1996 prior to which he did so on a limited basis while pursuing an acting career. From approximately 1979 until 1996, a significant portion of his income [*2]was comprised of oil royalty payments derived from family land in Texas. Respondent admittedly failed to file personal income tax returns, nor did he pay taxes for the tax years 2004 through 2008 and 2014 through 2017.
In 2009, the IRS filed two tax liens against respondent which totaled approximately $36,253. Respondent was admittedly aware of the liens by April 2010 when the IRS levied against his personal bank account and removed almost all of the funds therein to pay his outstanding tax liability. As a result, respondent stopped using his personal bank account and began depositing his personal income (comprised of earned legal fees, oil royalty payments, and social security benefits) into his escrow account. Between March and August of 2012, respondent deposited approximately $53,940 in personal funds into his escrow account and made 12 cash withdrawals therefrom which totaled approximately $74,464. Respondent used a portion of the cash withdrawals to pay his personal and business expenses and he kept the remainder in a safe in his apartment.
In October 2012, respondent opened a new escrow account and through March 2016 he deposited approximately $313,699 in personal funds into the account. Additionally, during this period, he made 45 cash withdrawals from the escrow account which totaled approximately $228,950. Respondent used a portion of the cash withdrawals to pay for personal and business expenses, and he kept a portion in the safe in his apartment, which funds he periodically redeposited into the escrow account to cover checks issued therefrom.
In 2015, the IRS garnished legal fees earned by respondent as a member of New York City's Assigned Counsel (18-b) Plan (from which respondent earned between $40,000 to $80,000 a year during the period at issue in addition to which he represented plaintiffs in various federal civil matters) and levied upon a personal bank account he maintained into which his social security benefits were deposited. Thereafter, respondent closed that personal account and requested that his social security benefits be mailed to him, which he deposited into his escrow account. Further, between July 2014 and January 2015, respondent maintained personal funds in his escrow account during which period the account simultaneously held client funds. Also, between April 2009 and March 2016, respondent admittedly failed to maintain a contemporaneous ledger and other required bookkeeping records for his escrow accounts.
After respondent was served with the charges in this matter, he retained an attorney to help him resolve his tax delinquency. However, respondent has not yet filed the tax returns for tax years 2014 through 2017, nor did he pay any tax liability due for those years.
Since the facts of respondent's misconduct are stipulated to and respondent does not oppose the Committee's motion that we affirm the Referee's findings of liability, we so affirm. We turn now to the issue of the appropriate sanction [*3]for respondent's misconduct.
In his post-hearing submission, respondent explained that his misconduct was mitigated by: his admission of the charges and acceptance of responsibility for his situation; his cooperation with the Committee's investigation; while he failed to promptly resolve his tax situation and thereby allowed it to become "a complicated mess," the time demands of his practice as a court appointed (18-b) criminal defense attorney (in which he enjoyed success) caused him to place his clients' interests before his own; his oil royalties greatly diminished from prior years such that he was left with a "meager" income derived primarily from his 18-b fees and social security benefits both of which the IRS moved against which left him "almost destitute"; he felt that he needed to place his personal funds into his IOLA account (which he infrequently used in his law practice) in order to survive; his escrow related violations were "more compliance in nature," rather than dishonest, as evidenced by the fact that he never took money from any client; his recovery from the injuries he sustained in a January 2019 accident have hampered his ability to assist his tax counsel; and he has not worked as an attorney since his accident and is unsure if he will be able to do so again even after he completes his rehabilitation.
Additionally, his counsel, who has known respondent "both in court and socially as an attorney for many years," attested to the value of the work respondent has done as an 18-b attorney in which role he has never refused to help anyone he was appointed to represent. Also, he argued that respondent does not deserve to be suspended because such would be unwarranted further punishment in that he has not practiced law in over a year (and may not be able to do so again) and "a suspension would otherwise blemish an exemplary reputation which took many years to build."
As to the appropriate sanction, we are of the view that the Referee's recommendation of a two-year suspension is in accord with the applicable precedent (see e.g. Matter of Sieratzki, 186 AD3d 85 [1st Dept 2020]; Matter of Carlos, 166 AD3d 55 [1st Dept 2018]; Matter of Kayatt, 159 AD3d 101 [1st Dept 2018]; Matter of Brodsky, 153 AD3d 52 [1st Dept 2017]; Matter of Brown, 133 AD3d 7 [1st Dept 2015]; Matter of Dalnoky, 90 AD3d 1 [1st Dept 2011]).
Further, respondent's mitigation evidence is not sufficiently compelling to warrant a lesser sanction. Moreover, any such mitigation evidence is outweighed by the sheer magnitude of respondent's misconduct, especially the failure to file personal income tax returns and pay taxes for the tax years 2004 through 2008 and 2014 through 2017, and his purposeful misuse of escrow accounts to shield personal funds from tax authorities.
Accordingly, the Committee's motion should be granted, the Referee's findings and conclusions of law are confirmed, and respondent is suspended from the practice of law [*4]for a period of two years, and until further order of this Court.
Any application for reinstatement should include documentary proof that respondent is current in his tax filings and payment obligations or has entered into payment agreements with tax authorities for any outstanding tax debts.
All concur.
It is Ordered that the Committee's motion is granted, the Referee's findings and conclusions of law are confirmed, and respondent is suspended from the practice of law for a period of two years, effective January 29, 2021 and until further order of this Court. Any application for reinstatement shall include documentary proof that respondent is current in his tax filings and payment obligations or has entered into payment agreements with tax authorities for any outstanding tax debts, and
It is further Ordered that for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board or commission or other public authority; that respondent is forbidden to give another an opinion as to the law or its application or advice in relation thereto; and
It is further Ordered that during the period of his suspension respondent is directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which is made a part hereof.
Entered: January 5, 2021