Matter of Van Emmerik (2025 NY Slip Op 04754)

Matter of Van Emmerik

2025 NY Slip Op 04754

Decided on August 21, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 21, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Barbara R. Kapnick
Justice Presiding

Motion No. 2025-03622|Case No. 2025-04134|

[*1]In the Matter of Eef Gerard Qing Long Van Emmerik an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Eef Gerard Qing Long Van Emmerik (OCA Atty Reg. 5935341), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Eef Gerard Qing Long Van Emmerik, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on January 18, 2022.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner
Respondent, pro se.

Per Curiam 

Respondent Eef Gerard Qing Long Van Emmerik was admitted to the practice of law in the State of New York by the Third Judicial Department on January 18, 2022. At all times relevant to this proceeding, respondent maintained a registered address in the First Judicial Department. Therefore, this Court retains jurisdiction over respondent pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.7(a)(2).
On February 24, 2025, respondent was convicted, upon his plea of guilty, in Supreme Court, New York County, of burglary in the third degree in violation of Penal Law § 140.20, a class D felony. Defendant was subsequently sentenced to 30 days' imprisonment and a full and final order of protection was issued in favor of the victim.
The Attorney Grievance Committee (AGC) now seeks an order, pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York, on the ground that he was automatically disbarred upon his conviction of a felony as defined by Judiciary Law § 90(4)(e). The AGC served respondent with this motion by email, but he has not appeared in this proceeding or submitted a response.
Judiciary Law § 90(4)(a) provides that an attorney licensed in the State of New York who is "convicted of a felony . . . shall [,] upon such conviction, cease to be an attorney and counsellor-at-law." Automatic disbarment by operation of law occurs where the conviction is of a felony as defined by any provision of New York State law (Judiciary § 90[4][e]; Matter of McLean, 113 AD3d 89 [1st Dept 2013]; Matter of Betancourt, 263 AD2d 245 [1st Dept 1999]).
Accordingly, the AGC's motion should be granted, and respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York in accordance with Judiciary Law § 90 (4)(b) and 22 NYCRR 1240.12 (c)(1), effective nunc pro tunc to February 24, 2025, the date of his conviction.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for an order pursuant to Judiciary Law § 90 (4)(b) and 22 NYCRR 1240.12(c)(1), disbarring respondent Eef Gerard Qing Long Van Emmerik, is granted, and respondent is disbarred and his name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to February 24, 2025, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Eef Gerard Qing Long Van Emmerik, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Eef Gerard Qing Long Van Emmerik, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Eef Gerard Qing Long Van Emmerik, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: August 21, 2025