Matter of Asher (2025 NY Slip Op 06254)

Matter of Asher

2025 NY Slip Op 06254

Decided on November 13, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 13, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Kern
Kennedy
Kapnick
O''Neill Levy
Hagler

Motion No. 2025-04508|Case No. 2025-02083|

[*1]In the Matter of Ryan Heath Asher, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Ryan Heath Asher (OCA Atty. Reg. No. 3001542), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Ryan Heath Asher, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 18, 1999.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Diana Neyman, of counsel), for petitioner.
J. Richard Supple, Jr., Esq. for respondent.

Per Curiam 

Respondent, Ryan H. Asher, was admitted to the practice of law in the State of New York by the First Judicial Department on October 18, 1999, under the name Ryan Heath Asher. Respondent maintains a registered address in the First Judicial Department.
In April 2025, the Attorney Grievance Committee (AGC) served respondent with a notice and petition of charges (5 charges) alleging professional misconduct stemming from his mishandling of three separate client matters. From approximately 2003 and at all times relevant here, respondent was employed by the law firm Asher & Associates, PC.
On June 3, 2008, I.K. retained the firm in connection with a lawsuit against the City of New York and the New York City Police Department (NYPD) for negligence, violation of constitutional rights, and civil rights violations by the NYPD. On June 25, 2019, respondent settled I.K.'s case against defendants by executing a stipulation of settlement in Supreme Court, Kings County. During the past six years since the matter was marked settled in court, I.K.'s case has not been moved forward in any way by respondent, including execution of the settlement documents.
E.O. is the plaintiff in a lawsuit pending in Supreme Court, Bronx County and has been represented by attorney D.B. in connection with this matter since July 2020. Before retaining D.B. to represent him in that matter, E.O. retained respondent's firm on or about July 2, 2020. Shortly after E.O. retained D.B., E.O. sent a letter to respondent's law firm informing the firm that he had retained D.B., instructing the firm to stop all work on the case, and not to contact him. The letter also instructed respondent's law firm to contact D.B. to arrange the transfer of the file. D.B. also sent a letter on or about July 9, 2020, reiterating that his law firm was retained by E.O. in the subject matter and directing respondent's law firm to stop all work, based on E.O.'s prior correspondence and to contact D.B.'s firm to make arrangements for the transfer of the file. Despite being noticed of the change in E.O.'s representation, respondent's firm filed and served a summons and verified complaint in Supreme Court, Bronx County, identifying respondent as E.O.'s counsel. In October 2023, D.B. followed up his July 2020 communication and wrote to respondent's firm requesting that it withdraw the new duplicative action. On November 16, 2023, three years after his firm was notified of D.B.'s substitution, respondent provided D.B. with a stipulation discontinuing the action which respondent's firm had filed. Respondent admits that there is sparse evidence of communication between him and E.O. from July 2020 to June 2023.
In 2003, M.M. retained respondent's firm to represent him in a lawsuit against the NYPD for an allegedly unlawful arrest. The lawsuit was filed in Supreme Court, Bronx County. Respondent has remained as counsel of record in M.M.'s lawsuit for the past 22 years, and to date, the lawsuit remains unresolved. During the pendency of the case, there were lengthy periods of time when respondent and his firm had no contact with M.M. In November 2011, eight years after being retained, respondent produced M.M. for a deposition. Defendants did not appear for their respective depositions for three additional years at which point the first police officer was deposed. Respondent made only one motion to strike defendants' answers. Five to six years since the first police officer was deposed, respondent moved twice for contempt against a second police officer. Review of NYSCEF reveals that the case is still ongoing with the last pre-trial conference having taken place on June 25, 2025, after the note of issue was filed on February 6, 2025, 22 years from the date respondent was retained by M.M.
The parties have stipulated to the following facts in aggravation: in June 2009 respondent was issued an Admonition (private discipline) for neglecting a client's matter and for failing to notify and obtain consent from the client regarding strategic actions taken by respondent in that case, which involved an automobile accident in which a 15-year-old child was injured, in violation of former Code of Professional Responsibility DR 6-101(A)(3) (predecessor to current Rules of Prof Conduct [22 NYCRR 1200.0] rules 1.3[b] and 1.4[a][2]). The parties have stipulated to the following factors in mitigation: respondent cooperated with the AGC's investigation; his misconduct was not motivated by a desire for personal profit, nor did it involve dishonesty toward the clients, adversaries, or the courts; respondent has represented thousands of clients in personal injury cases and other matters for the past 26 years and has an overall positive reputation in the community; and he includes eight letters (two from former judges and six from clients) attesting to his good character.
The parties now jointly move under the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5) for discipline by consent and ask this Court to impose a public censure. Respondent admits that his actions violated all five charges alleged in the AGC's petition of charges. The parties submit that imposition of a public censure comports with this Court's precedent of imposing censure under similar circumstances involving lack of diligence and prompt representation, neglect, and failure to communicate properly with clients, in the absence of dishonesty and venality (Matter of Brodsky, 153 AD3d 52, 56 [1st Dept 2017] ["Typically, public censure is imposed where the misconduct is based on negligence or mistake, rather than 'venal intent'"; see Matter of Salomon,78 AD3d 115 [1st Dept 2010] [censure for, inter alia, neglect of multiple immigration matters; prior Admonition discounted as aggravation because it was issued after misconduct at issue occurred]; Matter of Lenoir, 287 AD2d 243 [1st Dept 2001] [censure for, inter alia, neglect of a client matter; two prior Admonitions for neglect of three matters]; Matter of Marrin, 207 AD2d 239 [1st Dept 1995] [censure for neglect of a matrimonial matter; three prior Admonitions for neglect]).
The parties' joint censure request is also supported by additional case law (see Matter of Thomas, 159 AD3d 35 [1st Dept 2018] [censure for neglect of a matrimonial matter; three prior Admonitions]; Matter of Gould, 253 AD2d 233 [1st Dept 1999] [censure for neglect of three matters; prior Admonition for neglect]; Matter of Erda, 209 AD2d 147 [1st Dept 1995] [censure for, inter alia, neglect of three matters and misrepresenting the status of those matters; two prior Admonitions for neglect).
The parties also maintain that respondent aims to reform his practice in order to avoid repetition of the misconduct herein by, inter alia, ensuring that he and other firm attorneys are prompted periodically by computer generated calendaring notices to affirmatively reach out to clients, and by utilizing video conferencing platforms to more frequently enhance the quality of the firm's communications with clients.
Here, in light of respondent's admitted misconduct, the aggravating and mitigating factors presented, and the relevant case law, public censure, as requested by the parties, is the appropriate sanction.
Accordingly, the parties' joint motion pursuant to 22 NYCRR 1240.8(a)(5) should be granted, and a public censure imposed. The AGC's petition of charges should be denied as moot.
All concur.
Wherefore, it is Ordered that the parties' joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent is granted, and
It is further Ordered that respondent, Ryan Heath Asher, is hereby publicly censured for his misconduct, and
It is further Ordered that the separately filed petition of charges by the Attorney Grievance Committee for the First Judicial Department is denied as moot.
Entered: November 13, 2025